PERFECTA GONZÁLEZ, Appellant, v. REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 681. Submitted May 20, 1927.—Decided May 26, 1927.

*Angel A. Vázquez* for the appellant. The registrar appeared by brief.

Mr. Justice Franco Soto delivered the opinion of the court.

By a public deed executed on August 20, 1892, Félix Antonio González bought from Agustín Castelló y Busquets, in behalf of his natural daughter, Dolores Torres, a certain piece of rural property, the purchase price being $600 which the vendor left in the possession of González in settlement of his credit against the partnership of Patxot Castelló & Co. On presentation of the deed in the registry the registrar refused to record it on the grounds that the purchase price of $600 came from the father and according to section 161 of the old Civil Code the ownership and usufruct of the property belong to González and not to his daughter, Dolores Torres; that the acceptance by González of the deed of sale in behalf of his natural daughter does not show that he had been authorized therefor as verbal agent or with sufficient authority, and furthermore that presuming his daughter to be a minor for failure to show her age, the contract is void, and that likewise the contract is void because it is the case of a gift and it has not been accepted in a legal manner.

The decision of the registrar is erroneous on its various grounds. In the case of *Fuentes* v. *Registrar*, 24 P.R.R. 579, the registrar required a showing of the origin of the money invested in the purchase of a piece of real property made in behalf of some minors. This court decided, finally, that the matter was one for judicial determination and that the registrar was not empowered to inquire into the origin of the money.

The registrar seems to have overlooked that case and by determining the origin of the purchase money and the execution of the contract he decided a question of the exclusive jurisdiction of the courts. Manresa in his commentaries on sections 160 and 161, corresponding literally to the same

numbers of our Civil Code, supports the jurisprudence of this court, when he says: "So that, making the application of such principle general in order that children may have their rights acknowledged, it is necessary, in case of litigation, for them to show that they are entitled thereto." Vol. 1, p. 345.

As to the representation shown by the father in behalf of his daughter, it is quite legal on the assumption that the daughter was a minor. *Fuentes* v. *Registrar, supra.* In the alternative, as supposed by the registrar, that Dolores Torres was of age, the contract is valid because the failure on the part of the purchaser to be present in due legal manner does not void the contract of sale, and it would be only a curable defect. *Colón* v. *Registrar,* 18 P.R.R. 123.

Likewise, there is no foundation for the last ground alleged under the supposition that it is a case of gift and not of purchase and sale. *Prima facie,* it is a contract of purchase and sale and therefore we can not consider the supposition of the registrar within the limits of this appeal.

For the foregoing reasons the decision of the registrar must be reversed and the record ordered.